I know you're on the screen now. You're a pan you may proceed. Thank you your honor please court. My name is Tom Pat and I represent Clayton Wagner. Mister Wagner is not an armed career criminal after the Supreme Court's decision in Johnson because he does not have 3 prior convictions or violent felonies. The district court found that Mr. Wagner's to Ohio aggravated burglary convictions and his Ohio attempted robbery conviction were violent felonies. We believe that that was wrong. I'd start off with the to burglar aggravated burglary convictions. The first argument on this point is that when Mister Wagner filed his first 2255 motion. The government argued to the district court specifically that. The Ohio burglary convictions did not constitute generic burglary under Taylor's definition. But that they did constitute violent felonies under act as residual costs. They didn't just say the judge didn't have to address whether or not they were affirmatively said they were not. And in the government's brief in this case. They explain that that was not an oversight that was not a mistake was a litigation strategy. Dictated to come determined by main justice and pushed out to us attorney's office across the country to make the argument to concede that a burglary. And to argue that those convictions were still violent felonies but under the residual costs and the district court. Mister Patton if I could interrupt and take a step backward. Your client wasn't sentenced. Under the residual class. Thank you wasn't it is a CCH status wasn't determined under the under the visual class for any of the qualifying convictions and more particularly for these 2 burglary convictions. Counted as as a CCA burglaries right. They were counted they were certainly counted as a C C a burglaries and that was set out in the pre sentence report identified to Ohio burglaries and the attempted robbery conviction as the 3 violent felonies that constituted that made Mister Wagner. An arm for a criminal. I know there was no Johnson error at sentencing. You can't claim that I think there is this thing is he wasn't sentenced under the residual class. I think the most anyone can say about the original sentencing is that best it's a guess what I would refer to as a silent record case as that it was not explicitly stated one way or the other as to whether or not it was they were violent felonies under because they were enumerated generic burglaries or they were violent felonies be under the residual class. Now we'll say that in 1990. Almost a decade before this case was decided the 6th Circuit United States versus Lane and already identified that Ohio's burglary statute because it covered entry into boats railroad cars airplanes and cars was not generic burglary and was but was burglary excuse me a violent felony under the residual class so that you know there had there was well established case law that Ohio burglaries were broader the word generic burglaries because they were much broader than Taylor's definition of generic burglary but that they counted as violent felonies under the residual class so I don't think you can assume that they were not found to be violent felonies under the residual class because there was in this court in United States versus Davis incited Lane approvingly Lane was actually attempted burglary but they know noted that the Ohio burglary was broader on this court new of Lane because it cited Lane in United States versus Davis finding that Illinois attempted burglary was a violent felony under the residual class so defense counsel just would have had no reason at that time to object to the Ohio burglaries because they were going to count under the residual class so I guess I don't agree that you can affirmatively say they were not based on the residual class and I think if you look at the status of the law at the time it is much more reasonable to find that they were under the residual they were found under the residual class but I also think that at this point the question is there's no doubt that for the past decade or more Mr. Wagner has been serving this ACA sentence based solely on the residual class and we know that because of Judge Baker's opinion in denying this first 2255 motion I'm having some difficulty understanding that opinion and order because the judge distinguishes Ohio's burglary statute from DeKalb's I mean the argument that was raised in the first 2255 was a DeKalb's argument which is the same argument that's being made here as as amplified by Mathis but the judge said no this isn't this isn't like the statute the burglary statute in DeKalb so the judge addressed the merits argument of classifying this as an ACCA burglary these two convictions as ACCA burglaries and then pivoted without any transition language to the discussion of the residual clause and the citation to the residual clause language it's not there's no determination one way or the other just exactly what the judge is doing in terms of classifying these convictions and just a summary rejection of the 2255 motion after that I understand what you're what you're talking about your honor but I I would disagree in that what Judge Baker finally says his ultimate conclusion is yeah the statute it's a little different than in DeKalb but and this is at page 48 of our appendix he says that the statute defines the term violent felony is the use of physical force against person of another burglary I'm sorry I was reading the wrong and I he says that the issue chart the lesser charge of Ohio law quote involves conduct that presents a serious potential risk of physical injury to another incites the residual clause so I and that's exactly that's what the government had argued to him in their response to the 2255 motion I mean was it in the nature of a harmless error argument did the government conceded conceded error to the extent that this these two burglaries and argued that the error was harmless because they could be counted under the residual class your honor I would I would rephrase it in that I think the government was saying is that he does not have a claim that he was unconstitutionally sentenced as an armed career criminal because although the Ohio burglary convictions were not generic burglaries they still were under the residual clause therefore there's no claim and I think that ties in with what this court said in cross that there isn't a claim to 2255 relief if the convictions remain are violent felonies under the residual clause even if they aren't violent felonies under the enumerated clause because they actually have a claim to 2255 relief you have to show that you were sentenced your sentence was imposed in violation of the Constitution or laws of the United States and as long as the convictions still count as violent felonies under either clause you don't have a claim and so I think what the government's argument was I don't think I mean it's what they wrote and told Judge Baker was yeah they don't count under they're not generic burglary so they're not enumerated burglary but there's no claim to relief because they constitute burglar under the residual clause and they are now of course saying exactly the opposite they are so arguing that they are generic burglaries and courts just don't let litigants do that and for good reason they don't let a litigant take one position in one phase of the case and win and then come back in a later phase of the case and take a diametrically opposed position to try and win again that's judicial estoppel we also it's collateral estoppel you don't let when there's mutuality of parties and mutuality of issues you don't and an issue gets resolved gets litigated to a conclusion it's binding you don't get you don't get do-overs and so we don't think the court should allow the government to to do that here when we think the district judge erred in doing that but on the merits we think that Ohio burglary aggravated burglary excuse me also doesn't qualify there seems to be no disagreement that the aggravated burglary conviction statute applies to a car that someone happens to be living in the government didn't dispute that the case they rely on acknowledges that the Ohio aggravated burglary can apply to a vehicle that's not adapted or or accommodations are made to to accommodate overnight guests just a regular car but if somebody happens to be living in their car and it's a time where they're likely to be present it can be burglary so we're definitely dealing with a car so then the question becomes because the person is living in the car does is that enough to take it within stick because obviously the Supreme Court and Taylor said we're not treating break breaking into cars is the same as breaking into a dwelling or a building that's the whole reason why Taylor came up with their generic offense because they wanted to treat breaking into cars differently than breaking into houses and they and part of the reason they made this distinction that they wanted to limit it and they said this was they were limiting it to buildings or dwellings is because yep it's it's dangerous because people are more likely to be present or come to investigate whether it's a building or dwelling and that the defendant knows that because he can obviously see if it's a dwelling or a building and instead the Supreme Court said that reasoning also applies to RVs you know vehicles that have obvious changes made to them to show that people can camp in them live in them and so it is it is a marriage of higher risk but that the defendant can discern that risk but still decides to go ahead and commit the crime and that adds to the level of dangerousness and that's just not present when you're going to break into a car that as far as the defendant knows is just a car but it turns out somebody's living in it and the sixth career opinion acknowledges that the way it puts it it says yes we're putting the defendants knowledge in on a back burner it's our position that that's wrong not consistent with Taylor and if I could I'd like to reserve the rest of my time Thank You couch Miller may it please the court um the defense says that you don't get do-overs in federal court the defendant is asking for his second do-over he did not contest his ACC status at his original sentencing or on appeal or on direct appeal but the question here is whether the defendant is entitled to in a successive section 2255 proceeding and here he is not because he is clearly relying on Mathis and its progeny and not on Johnson to address the question regarding the original sentencing the original sentencing it was clear that the defendant was being sentenced for the robbery conviction based on the elements clause and on the burglaries as enumerated offenses and as the court likely recalls at that time back in 2002 under this court's jurisprudence there was no reference to the residual clause for these offenses because under the modified categorical approach as it was then applied courts would look to the charging document as to what the defendant was charged with in this case it was clearing each one of these burglaries two burglaries in Ohio two burglaries in Georgia one burglary in Virginia actually that it's not an issue here all of those burglaries involve entering a dwelling or a residence or or a business so there was no question under the jurisprudence at the time that these qualified under the enumerated offenses clause or the elements clause as burglaries so there was no there was no discussion of the residual clause this was not a Johnson error at the original sentencing it was not a Johnson error on appeal when the defendant did not raise the issue and as we brief we believe that the the weight of authority indicates that Johnson doesn't open the door I think this court said it in Satella it doesn't open the door to any and all challenges to the armed criminal statute because the claim has to be a legitimate Johnson claim and the authority says that it's the defendant's burden to establish in most cases say by a preponderance of the defendant was sentenced based on the residual clause to bring a Johnson claim and as the defense has said it's at best for the defense it's a silent record there's certainly no evidence that the defendant was sentenced on the residual clause and we argue that in fact in fact the existing law at the time shows the defendant wasn't sentenced on Johnson the defendants was sentenced on based on the enumerated offenses and the and the elements clause the effect counsel of order on the first 255 was that actually a reclassification of this conviction these two convictions as residual clause convictions well and I'll address at first we don't think that what happens in the section 2255 later after the sentencing and direct appeal can then turn this into a Johnson here that had to happen at the original sentencing on direct appeal but second of all the court has read the opinion of Judge Baker we've read the opinion of Judge Baker it isn't really clear he addresses a lot of claims because the defendant raised a lot of claims he briefly addresses the claim the defendant is not an ACC the government did say we don't hide from that but at that time based on the jurisprudence said there's no reason from the Department of Justice position to try to make or result in bad law on a certain on addressing generic burglary when under the existing law at the time the burglary would qualify as under the residual clause what Judge Baker did is he never ruled as the court knows from reading this on whether this is generic burglary or not he simply found from reading the opinion that he didn't need to make that determination I mean implicitly he decided that because he then just concluded well it also falls under the residual clause he never even used those words but his opinion basically said you still qualify as an ACC I don't I'm not I think you could read it as him even finding that it qualified as generic burglary because he distinguishes two camps but it's very it's very unclear on that issue and then he does state at the very end it it does involve conduct that presents a serious potential risk of physical injury to another person which is the residual clause and then says the three predicates were proper so the ruling is is less than clear on the subject but the position the United States would be that that does not that ruling in it in a 2255 years later cannot turn the original sentencing into a Johnson claim which is important for a subsequent section 2255 which is the context or in a lot of the cases defense talks about frost I think they've also cited some Stanley cases but we're in the context of a successive 2255 so 2255 h2 applies and the they have to base it on a new rule of constitutional law that's been made retroactive by the Supreme Court not previously available and that would not apply to math as type claims order best read as as a harmless error determination the judge took up the claim that of the camp error and said any error is harmless because this can be counted under the residual clause I think that would be right I don't think he ever found error but he basically said whether there's error or not is how I would read the opinion whether there is error or not it's harmless because the residual clause would apply in this case now again going to the the replied read for the defense they they say this case is not whole which is our argument if this course decision in Holtz said that you have to address the 2255 h2 issue even on appeal even if the the authorities been granted to bring the motion in the first place because the defendant has to satisfy those requirements and in Holtz this court found that a almost identical case where the defendant was raising Mathis to contest burglaries did not qualify under section 2255 h2 the defense cites to Van Cannon saying this case is like Van Cannon but in Van Cannon it first it was not a successive 2255 case moreover that was a case where the government confessed Johnson air Johnson air again in this case there's never been any confession of Johnson air and they confessed it was the case was under Johnson but then argued that was harmless and then the Seventh Circuit said well the defendant needs to be able to respond to the government's harmless air analysis and therefore they can raise Mathis and that makes sense but this is not that case because this isn't a case where there's any Johnson air conceded by the government at any stage of these proceedings and so as we know from the arguments when we're discussing about the prior burglary convictions this is a Mathis claim that's what this is and there is some may be honored in the breach these days but there are some rules of finality and there are some rules that when we're looking at a sentencing because it is hard to go back to 2002 and determine what exactly happened at that sentencing that's why we have rules for finality that's why we have rules such as 2255 h2 that say that it has to be based on a new rule of constitutional law made retroactive by the Supreme Court and that's not what we have here Mathis is a statutory rule not a constitutional law it has not been made retroactive by the Supreme Court itself and as we've discussed in I know in the 2241 context it's different but it's also not a new a new rule and so we believe that the defendants relief should be denied under 2255 h2 and then for the same reasons it also doesn't qualify section f1's requirements regarding timeliness and also because it's a non-constitutional claim he's raising that it's procedurally defaulted as and non-constitutional claims are procedurally defaulted without taking cause and prejudice into account beyond that to get to go to though to the to the merits of the defense claim we'll first argue here well it's been did not raise in this our oral argument and not much in reply brief the Ohio attempted robbery conviction we believe that it's I think defense acknowledged that argument is foreclosed by this court's ruling in Hill so we'll move on to the burglary cases and the defense argues that somehow the United States should be judicially stopped from even arguing regarding the Ohio convictions generic burglary but we've discussed the jurisprudence on judicial estoppel this isn't a case like the New Hampshire vs. Maine case where a state was taking a factual position about the location of a state boundary to its benefit and then changed its decision when it was later to its benefit this is a case where it was not to the United States benefit to take the position to not argue I should say I guess in the prior proceeding that the Georgia statute qualified as generic burglary so in that sense in looking at this courts jurisprudence in Trudeau as to when to apply judicial estoppel it's not a case where the United States prevailed in the prior proceeding based on the position it took on generic burglary it was a position that the defendant agreed with and it conferred no detriment to the defendant in that proceeding so we don't believe judicial estoppel is appropriate especially in this context of the modified categorical approach and the recent jurisprudence from the court which the court itself helped itself has said is dizzyingly complex to try to understand stit to understand quarrels to understand Greer we believe the jurisprudence now establishes that the Georgia statute is generic burglary does qualifies I'm sorry the Ohio statute qualifies as generic burglary and to not allow the United States to present that jurisprudence to the court wouldn't advance the interest of justice in any way our position that this defendant who committed what we believe actually at the time six qualifying ACC convictions that in reality did involve dwellings and burglaries did involve violence we don't think that that somehow is a miscarriage of justice and we've always asserted that this defendant is an armed career criminal so to get into the Ohio aggravated burglary stretch statute it's under section a3 that was analyzed by both the district court and by the Sixth Circuit and career and we thought it was somewhat interesting at least that on the exact same day without the benefit of either one's jurisprudence both the district court in this case and the Sixth Circuit in stick came to the exact same conclusion the Georgia burglary statute is generic burglary applying state it requires an occupied structure that could include vehicles but it's been defined under in the statute as a permanent or temporary habitation where a person is present or likely to be present further defined as either a dwelling a permanent temporary habitation adapted for a day in accommodation or a place a person is present or likely to be present and this is similar to the statutes in Tennessee and Arkansas that the Supreme Court held were generic burglary instead that Seventh Circuit did at I'm sorry the Sixth Circuit did an exhaustive analysis to show that 31 state statutes were either as broad or broader than the Ohio statute at the time the Armed Career Criminal Act was passed ultimately the Sixth Circuit concluded and we would ask the sport to follow that the Georgia statute by the requirement that a present in the statute does satisfy a generic burglary and that it presents the same risk of violence because the person is present at the time why are we doing a risk analysis at all I'm sorry why would we do any kind of risk analysis at all I I would I would agree with the court on that I think though that the Supreme Court's jurisprudence instead perhaps left open somewhat the possibility of courts also looking to the risk analysis which is what the Sixth Circuit did but frankly I agree with the court we look at the elements of this offense the elements of this offense meet the generic definition of burglary and based on that alone we believe both of these convictions qualify and I'll burglary convictions we believe that the district court here erred in finding those convictions to not qualify because the district court relied on the Fourth Circuit's decision in Corvette which had found that an intermediary Georgia court had found that a person did not need to be present in a vehicle for it to qualify as burglary under the Georgia statute the next in 1977 the Supreme Court disagreed and said a person does have to be present this defendant was convicted in 1978 after the Supreme Court of Georgia the highest court in Georgia had held that a person needs to be present that appears to still be good law in Georgia with that ruling the the Georgia statute would satisfy the requirement understood of it being generic early but the alternative argument we would we would simply know is fifth sixth and eleventh circuits all before it held that the Georgia statute was divisible and if we if the statutes divisible because the Georgia lower courts had held that you must allege the location of the burglary in both the indictment and with the verdict and in this case there's no question that he was alleged in this case that the defendant actually entered the dwelling of two different individuals and so as a divisible statute that the Georgia statute would also qualify as generic so we believe the defendant does still have five qualifying convictions although we ultimately don't believe the court needs to reach those conclusions because he is not satisfied 2255 h2 mr. Ben yes your honor's to be absolutely clear this is on page 4 of our brief this is what the government said filed with judge we observe that neither Ohio burglary statute meets the definition of generic burglary i.e. unlawful or unprivileged entry into or remaining in a building or structure with intent to commit a crime camp 133 Supreme Court at 2283 quoting Taylor because it includes the burglary of habitations like tents that are not buildings or structures close quote the government specifically said it was not generic burglary then went on and asked judge Baker to find that it was still a violent felony only under the residual clause in the point of the case is trying to decide whether the case was the sentence is based on the residual clause the timing isn't the issue the issue is if you were trying to show that you have a Johnson claim you have to show that the you are an ACA you're found to be active based on the residual clause there is absolutely no doubt that judge Baker found mr. Wagner ACA under the residual clause he didn't make a harmless error filing finding judge Sykes because nobody asked him to find harmless error the government said there is no error they didn't say hey the statutes divisible so you can do a modified categorical approach so it's counts both under generic burglary and residual burglary they specifically said it does not count as generic burglary if a defendant made that kind of concession to a court and came back and tried to change it we'd get cut off at the knees and the same should apply to the government with the Georgia statute the version of the statute that mr. Wagner was convicted of didn't require it was a different version of the statute that would then was that issue in Cornett from the Fourth Circuit it does cover just entry into vehicles and it is our position it's not divisible the Fourth Circuit found that the but the Eleventh Circuit has found otherwise the Tenth Circuit has disagreed with that there is a circuit split judge Myers cough identified that in her opinion and we think she got it right on the Georgia burglars thank you thank you thanks to both counsel and the case will be taken under advisement